Brianne C. McClafferty
Holland & Hart LLP
401 N. 31st Street, Suite 1500
P.O. Box 639
Billings, MT  59101
Phone:  406-252-2166
Fax:  (406) 252-1669
*Email:*  bcmcclafferty@hollandhart.com

Jason Paul Blair (*pro hac vice pending*)
Smith, Gambrell & Russell, LLP
1055 Thomas Jefferson Street, NW
Suite 400
Washington, D.C. 20007
Phone:  (202) 263-4301
Fax: (202) 263-4310
*Email:*  jblair@sgrlaw.com

ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | | |
|---|---|---|
| COFFEE TRADERS, INC., | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR** |
| | ) | **TRADEMARK** |
| v. | ) | **INFRINGEMENT AND** |
| | ) | **UNFAIR COMPETITION AND** |
| GHOST TOWN COFFEE | ) | **JURY DEMAND** |
| ROASTERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Coffee Traders, Inc. files this Complaint and Jury Demand against Ghost Town Coffee Roasters, Inc., respectfully stating as follows:

## I.     PARTIES

1. Plaintiff Coffee Traders, Inc. is a corporation of Texas, with a principal office at 1400 East Fourth Street, Austin, Texas 78702.

2. Defendant Ghost Town Coffee Roasters, Inc. ("***Defendant***" or "***Ghost Town***") is a corporation of Montana, having a principal office at 104 Bridger Center Drive, Suite A, Bozeman, Montana 59715.

3. On information and belief, Ghost Town does business in Montana, including the operation of a retail coffee shop and coffee stores in Bozeman, Montana, offers its coffee and related products for sale in stores throughout Montana, and ships coffee and related products nationwide from its website.

4. Ghost Town maintains a registered agent for service in the state of Montana, RA00308938 – Chad Kimm at 104 Bridger Center Drive, Suite A, Bozeman, Montana 59715.

## II.     NATURE OF THE ACTION; JURISDICTION OF THE COURT

5. This is an action for (i) trademark infringement, (ii) unfair competition, (iii) false designation of origin, and/or (iv) false or misleading description or representation of fact under the Trademark Act of 1946, 15 U.S.C.

§ 1051, *et seq*. This also is an action for unfair competition and common law trademark infringement under Montana law.

6. This Court has jurisdiction over the action under the Trademark Act of 1946, 15 U.S.C. §§ 1121 and 1125(a), and under the Judicial Code of the United States, 28 U.S.C. §§ 1331 and 1338.

7. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims, because those claims are intertwined with the federal claims and form part of the same case and controversy as the federal claims.

8. Venue is proper in this District under 28 U.S.C. § 1391.

9. Defendant operates one or more business offices in this District and is subject to this Court's personal jurisdiction.

10. Upon information and belief, a substantial part of the events giving rise to the claims herein occurred in this District.

11. Divisional venue is proper in the Butte Division pursuant to D. Mont. L.R. 1.2(c)(2).

12. Defendant has availed itself of Montana in various ways. Defendant operates a business in the state, continually does business in Montana, markets and advertises its services in Montana and recruits persons for employment in the state. Additionally, upon information and belief, as alleged further below, Defendant has

committed and continues to commit torts, including trademark infringement and unfair competition in Montana. Plaintiff's claims herein arise from and relate to such contacts.

13. Because Defendant has purposefully availed itself of the benefits and protections of Montana law, exercising jurisdiction over Defendant in Montana comports with traditional due process notions of fair play and substantial justice.

### III.   GENERAL ALLEGATIONS

**A.   PLAINTIFF, ITS BUSINESS, AND ITS MARKS**

14. Since at least as early as 1981, Plaintiff began offering high quality coffee products and services in Whitefish, and around the Flathead Valley region of Northwestern Montana under the name and mark MONTANA COFFEE TRADERS.

15. Since at least as early as 1982, Plaintiff has used GLACIER as a mark for quality coffee in both whole bean and ground form.

16. Since 1982, Plaintiff has expanded its operations in Montana, with four coffee shops in the Flathead Valley, and sells its coffee products to customers nationwide via its website, www.coffeetraders.com.

17. In 1994, Plaintiff expanded its operations from Montana to Austin, Texas, where it currently operates under both the COFFEE TRADERS and TEXAS COFFEE TRADERS names and marks and provides coffee sales and

4

coffee machine repair services.  More information about Plaintiff's activities in Texas can be found at its website, www.texascoffeetraders.com.

18.     Plaintiff now operates its Texas business through its wholly-owned subsidiary Texas Coffee Traders, Inc., and operates its original Montana business through its wholly-owned subsidiary Montana Coffee Traders, Inc.

19.     Since 1982, Plaintiff has continued to serve a blend of coffee under the mark GLACIER, at first from its retail locations in Montana, and eventually through mail order and online sales nationwide. Plaintiff's GLACIER coffee can be purchased online at https://coffeetraders.com/products/glacier-blend.

20.     Plaintiff has extensively promoted its coffee products under the GLACIER mark, among others.

21.     As a result of the goodwill created in the GLACIER Mark ("*Plaintiff's GLACIER Mark*") and exclusively associated with Plaintiff, the mark is recognized as a designation of the quality coffee goods offered by Plaintiff.

22.     The Plaintiff's Mark, and the goodwill associated therewith, are valuable commercial assets of the Plaintiff.

**B.     PLAINTIFF'S TRADEMARK REGISTRATION**

23.     Pursuant to the Trademark Act of 1946, Plaintiff owns the following valid and subsisting federal trademark registration for Plaintiff's Mark:

| Mark | Reg. No. | Goods/Services | Reg. Date | First Use Date |
|---|---|---|---|---|
| **GLACIER** | 2261794 | Whole bean and ground coffee | 07/20/1999 | 04/00/1982 |

24. A copy of the registration certificate for the foregoing trademark registration, as well as a database extract from the Trademark Status & Document Retrieval system, are attached as **Exhibit A**. The registration has acquired incontestable status under the Trademark Act of 1946.

## C. DEFENDANT AND ITS ACTIVITIES

25. Defendant also is a coffee retailer providing its own branded coffee products, based in Bozeman, Montana.

26. In addition to selling its coffee products from its two locations in Bozeman, Defendant also wholesales its coffee products to retailers and coffee shops across Montana, as well as to customers nationwide through its website, www.ghosttowncoffee.com.

27. In February of 2020, Plaintiff sent a cease-and-desist letter to Defendant related to another one of Plaintiff's marks, providing evidence of actual consumer confusion occurring between Plaintiff's goods and Defendant's goods. A copy of that letter is attached as **Exhibit B**.

28. Although Defendant did not respond to Plaintiff's February 2020 cease-and-desist letter, Defendant's packaging soon thereafter changed.

Accordingly, Plaintiff took no further action against the Defendant related to that matter.

29.   In March of 2023, Plaintiff became aware that Defendant was selling coffee under the name and mark GLACIER on Defendant's website and promoting the product on social media. Defendant's Instagram page and webpage displaying the coffee product appears as follows:





30. Defendant is using a GLACIER mark, which is an identical mark to Plaintiff's federally registered and incontestable Plaintiff's GLACIER Mark.

31. Defendant is using GLACIER as a mark for coffee, which is a legally identical product name to Plaintiff's GLACIER branded coffee.

32. In April of 2023, Plaintiff demanded that Defendant stop using GLACIER as a name and mark for coffee products.  A copy of the letter is attached as **Exhibit C**.  Defendant has not responded to Plaintiff's demands and continues to sell its own GLACIER branded coffee on Defendant's website, refusing to take

8

any action to avoid confusion with Plaintiff's Mark and resulting damage to Plaintiff.

33. Defendant's use of the GLACIER mark in connection with coffee is enabling Defendant to divert the recognition and resulting goodwill in Plaintiff's GLACIER Mark, acquired with long effort and substantial expense by Plaintiff. This, in turn, allows Defendant to unfairly gain acceptance for Defendant's coffee goods and services and to profit from their distribution and sale by usurping and trading on Plaintiff's good reputation and goodwill.

34. Defendant's misappropriation of Plaintiff's GLACIER Mark violates Plaintiff's intellectual property rights and unjustly enriches Defendant.

35. Defendant's wrongful use of Plaintiff's GLACIER Mark is likely to cause confusion, or to deceive potential customers who are likely to mistakenly assume that Defendant's goods and services share a source or affiliation with, or enjoy the approval or sponsorship of, Plaintiff.

36. Defendant's acts constitute unfair competition under state and federal law.

37. As Plaintiff has no control over Defendant's use of Plaintiff's GLACIER Mark, that improper use creates a risk of dilution of, and damage to, the goodwill associated with Plaintiff's Mark.

38. Plaintiff has hired undersigned counsel to represent it as a result of Defendant's tortious actions herein.

39. Plaintiff has agreed to pay undersigned counsel and the firms of Smith, Gambrell & Russell, LLP and Holland & Hart LLP a reasonable fee for its representation in this matter.

## IV.   COUNT I

FEDERAL AND COMMON LAW TRADEMARK INFRINGEMENT

40. Plaintiff realleges the allegations contained in paragraphs 1 through 39 of the Complaint as if set forth fully herein.

41. Plaintiff owns a federal trademark registration with the United States Patent and Trademark Office for Plaintiff's GLACIER Mark for whole bean and ground coffee.

42. Additionally, due to Plaintiff's prior and continuous use of Plaintiff's GLACIER Mark in connection with Plaintiff's coffee goods and services since well prior to Defendant's use of the GLACIER mark in connection with Defendant's coffee goods and services, Plaintiff has established prior common law rights in Plaintiff's GLACIER Mark in connection with its coffee goods and services in Montana.

43. Defendant is advertising and selling coffee under the identical name and mark GLACIER from its retail locations, as well as through retailers throughout the state of Montana, and to customers nationwide through its website.

44. Defendant's GLACIER mark is identical in appearance and pronunciation to Plaintiff's GLACIER Mark.

45. Defendant's GLACIER mark wholly incorporates Plaintiff's GLACIER Mark.

46. Defendant's GLACIER mark, when used in connection with Defendant's coffee goods and services, is likely to cause confusion, mistake or deception that Defendant's coffee goods and services are those of the Plaintiff or are otherwise endorsed, sponsored, or approved by the Plaintiff, or cause confusion, mistake, or deception as to the affiliation, connection, or association between Defendant and Plaintiff.

47. Defendant's acts, described above, constitute trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125, *et seq*., and under Montana common law.  *See* § 30-13-336, MCA.

48. As a result of Defendant's actions, Plaintiff has suffered damages due to the risk of mistaken association between Defendant's coffee and Plaintiff's coffee.  Plaintiff is entitled to recover such damages.

49. Continued use of the GLACIER mark by Defendant will damage Plaintiff because such continued use is contrary to Plaintiff's prior and superior rights in Plaintiff's GLACIER Mark.

50. Upon information and belief, Defendant's acts described above are willful and deliberate, entitling Plaintiff to enhanced damages, attorneys' fees and costs under 15 U.S.C. § 1117, and destruction of the infringing articles under 15 U.S.C. § 1118.

## V.   COUNT II

UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES
(STATE and FEDERAL)

51. Plaintiff realleges the allegations contained in paragraphs 1 through 50 of the Complaint as if set forth fully herein.

52. Defendant's use of the GLACIER mark for coffee is likely to create the false perception in the public that Defendant and/or its coffee is affiliated and/or connected with Plaintiff or are otherwise sponsored or endorsed by Plaintiff.

53. Defendant's acts constitute unfair competition in violation of 15 U.S.C. § 1125(a), Montana common law, and § 30-14-101, *et seq.*, which prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.

54. As a result of Defendant's actions, Plaintiff has suffered damages due to the mistaken association between Defendant's coffee goods and coffee shops

and those operated by Plaintiff. As a result of Defendant's actions, Defendants have unjustly received profits in an amount to be proven at trial. As a result of Defendant's actions Plaintiffs have been damaged. Plaintiff is entitled to recover such damages and costs of this action, including damages pursuant to 15 U.S.C. § 1117 and 15 U.S.C. § 1118 and § 30-14-133, MCA.

55. Upon information and belief, Defendant's acts are willful and deliberate, entitling Plaintiff to enhanced damages, attorneys' fees and costs under 15 U.S.C. § 1117, and destruction of infringing articles, signage, and activities under 15 U.S.C. § 1118. Plaintiff also is entitled to treble damages and reasonable attorneys' fees pursuant to §§ 30-14-133(1) and (3), MCA.

### VI.  COUNT III
#### REQUEST FOR PERMANENT INJUNCTION

56. Plaintiff realleges the allegations contained in paragraphs 1 through 55 of the Complaint as if set forth fully herein.

57. Defendant's actions in using the GLACIER mark for coffee in violation of Plaintiff's GLACIER Mark are wrongful and violate Plaintiff's legal rights in connection with its trademark registration and common law rights.

58. Defendant's acts jeopardize the goodwill in Plaintiff's GLACIER Mark. Such acts are deceptive as to consumers and are continuing to cause irreparable damage to Plaintiff, for which there is no adequate remedy at law.

59. Though notified of its infringement, Defendant has disregarded Plaintiff's demands that it cease its unlawful actions and persists in violating Plaintiff's rights for its own profit.

60. Plaintiff therefore requests that this Court grant Plaintiff a permanent injunction against Defendant, its agents, employees, servants, and others acting in concert with it, (i) prohibiting it from making further use of Plaintiff's GLACIER Mark or any mark confusingly similar to Plaintiff's GLACIER Mark; (ii) prohibiting it from marketing, offering, or distributing any materials containing the GLACIER mark or other marks that are confusingly similar to Plaintiff's GLACIER Mark; (iii) requiring Defendant to recall from all trade and distribution channels, any and all advertising and promotional materials bearing the GLACIER mark; (iv) requiring Defendant to cause the destruction of all signage and materials subject to this injunction; (v) prohibiting Defendant from pursuing trademark registrations or registration applications for the GLACIER mark; and (iv) any and all other injunctive relief as the Court may deem appropriate.

61. Unless enjoined, Defendants' acts alleged herein will continue to cause Plaintiff irreparable harm, loss and injury.

## VII. <u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

## VIII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that:

A.  Defendant be enjoined as provided above;

B.  Defendant be ordered to file with this Court and to serve upon Plaintiff, within thirty days after entry of the injunction, a sworn written report setting forth in detail the manner in which Defendant has complied with the injunction;

C.  Pursuant to 15 U.S.C. § 1117(a), Plaintiff be awarded damages (including treble damages), as appropriate;

D.  Pursuant to 15 U.S.C. § 1117(a), Plaintiff be awarded its reasonable attorneys' fees; and

E.  Plaintiff be awarded such other and further relief, legal or equitable, as the Court may deem appropriate.

Dated:  May 31, 2023

        Respectfully Submitted,


        */s/ Brianne C. McClafferty*
        Brianne C. McClafferty
        Holland & Hart LLP


        */s/ Jason Paul Blair*
        Jason Paul Blair
        Smith, Gambrell & Russell, LLP
        *(Pro hac vice pending)*

        ATTORNEYS FOR PLAINTIFF
        COFFEE TRADERS, INC.

21509147_v5